·J. H. C. JONES, GUARDIAN, v. A. M. BOULWARE ET AL.
A. M. BOULWARE v. J. H. C. JONES ET AL.

1. ·The office of *attorney* for a creditor in prosecuting a claim, and of *administrator* of the estate against which the claim is prosecuted, are inconsistent and their duties conflicting.
· 2. A claim not authenticated as prescribed by the statutory affidavit should ·be rejected by an administrator ; and an allowance by an administrator and approval by the District Court of a claim not so authenticated will be set aside on error prosecuted to the Supreme Court by the heirs of the deceased.
·3. A judgment against an administrator in another State is not a claim ·to be accepted and approved in this ;State.

APPEAL AND ERROR from Leon.   Tried below before ·the Hon. John B. Rector.

J. H. C. Jones, guardian, etc., obtained a judgment in King and Queen county, Va., against A. M. Boulware, ·administrator of the estate of Leroy Boulware, deceased.

There was property ·of the deceased in Leon county, Texas, consisting of six tracts of 640 acres each.

More than four years after the death of Leroy Boul·ware, November 23, 1870, letters of administration were

granted to W. D. Wood by the District Court of Leon county.

The judgment being for $3005, was presented to and allowed by Wood, administrator, on December 2, 1870, and was approved by the district judge.

The affidavit made to the Virginia judgment by Jones was as follows:

"That the debt mentioned in the foregoing transcript of judgment from the records * * * is a just and valid debt and claim from the estate of Leroy Boulware, deceased, to him owing and unpaid, after deducting all credits, payments and set-offs to him known."

On petition of Wood, administrator, an order of sale was made December 3, 1870, for the sale of land in Leon county to satisfy the said Virginia judgment.

The proceedings in this administration are brought by writ of error by A. M. Boulware *et al.*, heirs of Leroy Boulware, to the Supreme Court for revision, and the case is styled in the opinion No. 1299.

On twenty-fifth of April, 1871, J. H. C. Jones, guardian, etc., instituted suit in the District Court of Leon county against A. M. Boulware *et al.*, stating, in substance, that Leroy Boulware died domiciled in the State of Virginia; his estate was administered there, in King and Queen county, by his son and one of the defendant's herein, A. M. Boulware; the estate was fully administered and no assets in the hands of the administrators to pay off plaintiffs' claim—which is in the shape of a judgment obtained in the Circuit Court of King and Queen county in favor of J. H. C. Jones, guardian of plaintiffs, against A. M. Boulware, administrator of Leroy Boulware; that at the date of the decease of the said Leroy he was seized in fee simple of six tracts of land, situate in the county of Leon, Texas, which descended to the present defendants as heirs at law, charged with the pay--

ment of plaintiffs' debt, as assets derived from their ancestor by inheritance; and praying to subject said land, or so much of same as may be necessary, to the payment and satisfaction of plaintiffs' debt.

A demurrer to the petition was sustained; the plaintiff excepted and gave notice of appeal, and the case was continued.

This case is No. 1189 on Supreme Court docket.

*W. D. Wood,* for appellant in 1189, submitted an argument on the effect of the Virginia judgment, insisting that it was binding against the heirs of the intestate, Leroy Boulware, and could be enforced against the lands of the deceased in Texas.

*Walton & Green,* for A. M. Boulware *et al.,* insisted that the appeal in 1189 was from an interlocutory judgment, and should be dismissed, citing 5 Texas, 6, Hanks v. Thompson; 8 Texas, 345, Bradshaw v. Davis; 25 Texas, 320, Neyland v. White; 24 Texas, 525, Green v. Banks; 7 Texas, 177, Hancock v. Metz; 6 Texas, 322, Scott v. Barton; 31 Texas, 219, Kennedy v. Morrison.

As against the effect of the Virginia judgment, it was urged that there was no allegation that the court had jurisdiction. (4 Cranch, 269, Rose v. Himely; 4 Wend., 447, Shuman v. Stillman.)

It does not appear, from the transcript of the Virginia judgment, that the defendant was ever personally served. (13 Johns., 192, Rawlins v. Wilson; 15 Johns., 121, Bordeaux v. Fitch; 1 Dall., 161, Phelps v. Halker; 1 Pet., 340, Elliott v. Piersol.)

The judgment against the administrator in another State furnishes no right of action against the heirs in this State to affect property which was not assets in such other State. (15 Texas, 463, Jones v. Jones; 28

Texas, 503, Cherry v. Speight ; 6 How., 44, Stacy v. Thrasher.)

The following objections to the claim, in addition to those presented in our argument on the other branch of the case, are presented :

1. The judgment in Virginia was not, in the meaning of the law, a claim, and could not be accepted and approved.

2. It was never presented in legal form, because the affidavit was not sufficient. (Sec. 182, Chap. 81, Laws of Texas.)

We think the court must dismiss the appeal in 1189. In the event it does not do so, we ask an affirmance in that case. In 1299, we ask that the judgment of the court below, allowing the claim against the estate of L. Boulware, be reversed and the cause dismissed.

*D. M. Prendergast*, for Jones, appellee in 1299, urged the dismissal of the cause, because the proper parties were not served, service having been made only on W. D. Wood, administrator of estate and attorney for Jones *et al.*, and because plaintiffs in error were no parties to the proceedings below.

Upon the merits, it is insisted that the acceptance and approval of the claim was regular and valid.

Section 1, Article 4, of the Federal Constitution, requires "full faith and credit to be given in each State to the public acts, records and judicial proceedings of every other State."

A judgment of a State court has the same credit, validity and effect in every other court in the United States which it has in the State where it was rendered. (Hampton v. McConnell, 3 Wh., Sec. 234; Sanchet v. The *Davis*, Crabbe, 185; Story's Const., Sec. 1313, 3 Ed.)

The power and jurisdiction of the court is presumed. (Reid v. Boyd, 13 Texas, 242; Scott v. Coleman, 5 Littell,

350; Phillips' Ev., Cow. & Hill's Notes, Vol. 5, p. 896, Note 639; Clay v. Clay, 13 Texas, 204; Grant v. Bledsoe, 20 Texas, 458; Thomas v. Robinson, 3 Wend., 267.)

This is not a foreign but a domestic judgment. (Baxly v. Dinah, 27 Penn. State R., 242-7; State of Ohio v. Hickman, 27 Penn. State R., 483; Rogers v. Burns, 27 Penn. State R., 526.)

There is no particular defect in the authentication pointed out or perceived. The original claim was merged in the judgment, and certainly the judgment could not be held to be a lower grade of evidence. If the judgment was binding in Virginia, under the authorities cited it would be binding here.

WALKER, J.—These cases grow out of the same subject matter. They are between the same parties, and they present a most anomalous condition of things.

The appellees in 1189 are the plaintiffs in error in 1299, and under the counsel and direction of different attorneys they emphatically assert in the one case what they explicitly deny in the other.

It might, perhaps, be better to dismiss both these cases upon the mathematical principle that equal powers at antagonism neutralize each other; and, indeed, it may be the shortest road to justice that these cases should be dismissed without prejudice, and the parties instructed to employ counsel who can work together in unison.

But after considerable doubt and hesitation on our part as to what justice requires, we turn to the law, and dismiss No. 1189 for the reason that it is an attempted appeal from an interlocutory judgment.

And now as to No. 1299. We feel called on to reverse and dismiss this case, not only in view of the law of the case, but in view of the facts which disclose themselves upon the records of the two cases.

It is perfectly clear that W. D. Wood, who appears as attorney for the appellants in No. 1189, and virtually denies his administration upon the estate of L. Boulware, did take out letters of administration in Leon county upon the estate of said Boulware, and that he did accept the Virginia judgment in favor of J. H. C. Jones, guardian, etc., to be paid in due course of administration. This gentleman, in administering upon the estate of Boulware, took upon himself the obligations of a trustee for the creditors and heirs.

It was his duty to have defended against the claim as set up against the estate.

The claim was not in the first instance legally presented for allowance to the administrator. This Virginia judgment was not a claim to be accepted and approved by an administrator in Texas; and if it had been, it was never properly presented; the affidavit was totally insufficient.

We feel it then to be our duty, in No. 1299, to reverse the judgment of the District Court and dismiss the cause, which is done.

REVERSED AND DISMISSED.